# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Donald E. Tune and Virginia Tune, as co-trustees for the heirs and next-of-kin of Brandon Donald Tune, decedent,<br><br>Plaintiffs,<br><br>v.<br><br>Twelve Ga. Customs LTD, d/b/a 12 Ga. Customs,<br><br>Defendant. | Civil No. 17-0097 (MJD/HB)<br><br><br>**REPORT AND RECOMMENDATION** |

HILDY BOWBEER, United States Magistrate Judge

This matter is before the Court on Plaintiffs' Motion for Approval of Settlement and Distribution of Proceeds [Doc. No. 74], Plaintiffs' Verified Petition for Distribution and Disbursement of Funds Recovered in a Wrongful Death Claim [Doc. No. 76], and Plaintiffs' Amended Verified Petition for Distribution and Disbursement of Funds Recovered in a Wrongful Death Claim [Doc. No. 83]. The motion and petitions were referred to the undersigned for a report and recommendation by the Honorable Michael J. Davis. (Am. Order of Referral, June 13, 2018 [Doc. No. 89].)

## I.    Background

This is a wrongful death action arising under the Minnesota Wrongful Death Statute, Minn. Stat. § 573.02. Plaintiffs Donald E. Tune and Virginia Tune, as co-trustees for the heirs and next-of-kin of Brandon Donald Tune, decedent, sued Defendant

Twelve Ga. Customs LTD, d/b/a 12 Ga. Customs, for design defect, failure to warn, and manufacturing defect.  Plaintiffs and Defendant 12 Ga. Customs settled the case on March 9, 2018, and now seek the Court's approval of the distribution of proceeds in accordance with Minnesota Rule of General Practice 144.05.

## A.     Allegations in the Complaint

Brandon Tune was a semi-truck driver who owned a 2001 Peterbilt 379 Extended Hood semi-truck.  (Compl. ¶ 7 [Doc. No. 1].)  On November 10, 2015, he purchased a Bumper Flip Kit from Big Rig Chrome Shop, LLC, a wholesale distributor of semi-truck parts and accessories.[1]  (*Id.* ¶¶ 5, 8.)  Defendant 12 Ga. Customs manufactured the Bumper Flip Kit.  (*Id.* ¶¶ 6, 8.)  On December 7, 2015, Brandon Tune was killed when an alleged defect in the Bumper Flip Kit caused the bumper to rotate down onto his chest while he was attempting to repair some wiring.  (*Id.* ¶ 9.)

## B.     Procedural History

Brandon Tune's parents, Plaintiffs Donald Tune and Virginia Tune, were appointed co-trustees for the next of kin of Brandon Donald Tune by Minnesota State District Judge Karen Duncan on October 20, 2016.  (Borgen Decl. at 2, Ex. 1 [Doc. No. 78].)  Plaintiffs participated in two settlement conferences with Defendant 12 Ga. Customs, the second of which occurred on March 9, 2018, when the parties successfully negotiated a settlement.  (Min. Entry [Doc. No. 70].)  In pertinent part, the settlement

---

[1] Big Rig Chrome Shop, LLC was also named as a defendant in this case but was dismissed from the action on August 31, 2017, by stipulation of the parties.  (Stip. Dismissal [Doc. No. 59]; Order Dismissing Party [Doc. No. 61].)

required Defendant 12 Ga. Customs to pay Plaintiffs $675,000.00, to make changes to the Bumper Flip Kit, and to change certain warnings and instructions. (Am. V. Pet. ¶ 11 [Doc. No. 83].) Defendant 12 Ga. Customs also agreed to send the revised warnings and instructions to all known purchasers. (*Id.*) Defendant 12 Ga. Customs must provide Plaintiffs with an affidavit of compliance within ninety days of the execution of the settlement agreement and mutual release. (*Id.*)

On May 24, 2018, Plaintiffs filed the Motion for Approval of Settlement and Distribution of Proceeds [Doc. No. 74] and Verified Petition for Distribution and Disbursement of Funds Recovered in a Wrongful Death Claim [Doc. No. 76]. On June 6, 2018, Plaintiffs filed an Amended Verified Petition for Distribution and Disbursement of Funds Recovered in a Wrongful Death Claim [Doc. No. 83], which supersedes and replaces the original verified petition.[2] The amended verified petition increased the amount of expert witness expenses by $2,537, from $12,215.89 to $14,752.89. (*See* V. Pet. ¶ 12; Am. V. Pet. ¶ 12.) The increase was due to a recent invoice from an expert witness. (Second Borgen Decl. ¶ 4 [Doc. No. 84].)

Plaintiffs hired Bird, Jacobsen & Stevens, P.C. and Gary Voegele on a contingent fee basis to investigate and prosecute the claims against Defendant 12 Ga. Customs. (Am. V. Pet. ¶ 14.) Pursuant to the retainer agreement, Plaintiffs agreed to pay Bird, Jacobsen & Stevens, P.C. and Gary Voegele 37% of any amount recovered, including attorney's fees and costs and disbursements. (*Id.*) The retainer agreement provided that

---

[2] Because the amended verified petition supersedes and replaces the original verified petition, the Court will recommend that the original verified petition be denied as moot.

Bird, Jacobsen & Stevens, P.C. and Gary Voegele would split the attorneys' fees, with 75% to Bird, Jacobsen & Stevens, P.C. and 25% to Gary Voegele. (*Id.*) Of the total settlement amount of $675,000.00, the attorneys' fees are $249,750.00. (*Id.* ¶ 15.)

In prosecuting their claims, Plaintiffs incurred expenses totaling $27,469.93, which represents the following disbursements either paid or incurred:

- Travel and related expenses: $3,194.73
- Filing fees: $400.00
- Expert witness expenses: $14,752.89
- Deposition and related expenses: $5,369.76
- Postage and mailing expenses: $140.13
- Service of process expenses: $863.05
- Investigative expenses: $2,749.37

(Am. V. Pet. ¶ 12.)

Brandon Tune was never married and does not have any children. (Am. V. Pet. ¶ 18.) He is survived by his parents, Donald E. Tune and Virginia Tune, and his sister, Kerri Tune. (*Id.* ¶¶ 19, 20). Kerri Tune has three children: twenty-two-year-old Donovan Alexander Tune Williams, sixteen-year-old Triston Jared Tune, and eleven-year-old Evelynn Rose Tune. (*Id.* ¶ 21.) As Brandon Tune's next-of-kin, Donald Tune, Virginia Tune, and Kerri Tune agree that the net balance of the settlement proceeds in the amount of $397,780.07 should be distributed as follows: $297,780.07 to Donald Tune and Virginia Tune; $100,000 to Kerri Tune; and none to Donovan Williams, Triston

Tune, or Evelynn Tune. (Am. V. Pet. ¶ 24.)

Kerri Tune has submitted a declaration attesting that she has spoken with her son Donovan Williams several times about the proposed division and distribution of the settlement proceeds, and he told her repeatedly that any share to which he may be entitled should be allocated to her. (Kerri Tune Decl. ¶ 4 [Doc. No. 79].) Though there is no declaration or other written expression of intent from Donovan Williams in the record, the Court notes that the motion, the original verified petition, and the amended verified petition were all served on Donovan Williams by mail at his last known address. [Doc. No. 80, 86.] Donovan Williams therefore had adequate notice of and opportunity to challenge the proposed distribution.

Plaintiffs propose the settlement funds be distributed and disbursed as follows:

- $249,750.00 in attorneys' fees;
- $27,469.93 in disbursements paid and/or incurred; and
- Of the remaining $397,780.07,
    o $297,780.07 to Plaintiff Donald E. Tune and Plaintiff Virginia Tune; and
    o $100,000.00 to Kerri Tune.

(Am. V. Pet. ¶¶ 23-24.)

## II.    Discussion

The legal standard governing the distribution of proceeds in a wrongful death action is provided by Minnesota Rule of General Practice 144.05, which provides in relevant part.

5

> Application for the distribution of money recovered under Minnesota Statutes, section 573.02, shall be by verified petition of the trustee. Such petition shall show the amount which has been received upon action or settlement; a detailed statement of disbursements paid or incurred, if any; the amount, if any claimed for services of the trustee and of the trustee's lawyer; the amount of funeral expenses and of demands for the support of the decedent; the name, age and address of the surviving spouse and each next of kin required to be listed in the petition for appointment of trustee and all other next of kin who have notified the trustee in writing of a claim for pecuniary loss, and the share to which each is entitled.
>
> If an action was commenced, such petition shall be heard by the court in which the action was tried, or in the case of settlement, by the court in which the action was pending at the time of settlement. If an action was not commenced, the petition shall be heard by the court in which the trustee was appointed. The court hearing the petition shall approve, modify, or disapprove the proposed disposition and shall specify the persons to whom the proceeds are to be paid.
>
> The petition for distribution will be heard upon notice, given in form and manner and upon such persons as may be determined by the court, unless waived by all next of kin listed in the petition for distribution or unless the court determines that such notice is not required. The court by order, or by decree of distribution, will direct distribution of the money the persons entitled thereto by law. Upon the filing of a receipt from each distributee for the amount assigned to that distribute, the trustee shall be discharged.

Minnesota Rule of General Practice 144.05 is applicable to this federal action through District of Minnesota Local Rule 17.1. "In diversity actions brought on behalf of a minor or ward or by a trustee appointed to maintain a wrongful-death action, the court follows the State of Minnesota's procedure for approving settlements and allowing attorney's fees and expenses." D. Minn. LR 17.1; *see Schuch v. Villaume Indus., Inc.*, No. 1-cv-673 (JMR/FLN), 2003 WL 23527787, at *1 (D. Minn. Aug. 12, 2003).

The Court finds that the amended verified petition properly shows the amount of

6

the settlement, contains a detailed statement of disbursements paid or incurred, and sets forth the amount of attorneys' fees.  The amended verified petition also reflects that no funeral expenses remain unpaid.  (Am. V. Pet. ¶ 17.)  As to the next of kin, the amended verified petition sets forth the name, age, and address of each such individual, as well as the share to which each is entitled.  No next of kin has notified the trustee in writing of a claim for pecuniary loss.  This Court heard the petition on notice, and notice was provided to all of Brandon Tune's next of kin.  No one has come forward to object to the proposed distribution.  Accordingly, the Court recommends that the petition and proposed distribution be approved and that the settlement proceeds be distributed as follows:

- Plaintiff Donald E. Tune and Plaintiff Virginia Tune:  $297,780.07;
- Kerri Tune:  $100,000.00;
- Attorneys' Fee:  $249,750.00; and
- Disbursements:  $27,469.93.

Of final note, the Court directs Plaintiffs to serve this Report and Recommendation immediately on Donovan Williams and Kerri Tune so that they have notice of the Court's recommended disposition and a final opportunity to notify the trustee in writing of a claim for pecuniary loss or to notify the Court of any objection to the distribution before the time period for objections to this Report and Recommendation expires.

Accordingly, **IT IS HEREBY RECOMMENDED** that:

1. Plaintiffs' Motion for Approval of Settlement and Distribution of Proceeds [Doc. No. 74] be **GRANTED**.

2. Plaintiffs' Verified Petition for Distribution and Disbursement of Funds Recovered in a Wrongful Death Claim [Doc. No. 76] be **DENIED AS MOOT**.

3. Plaintiffs' Amended Verified Petition for Distribution and Disbursement of Funds Recovered in a Wrongful Death Claim [Doc. No. 83] be **APPROVED**, and that the settlement funds be distributed as follows:

    a. Plaintiff Donald E. Tune and Plaintiff Virginia Tune:  $297,780.07;

    b. Kerri Tune:  $100,000.00;

    c. Attorneys' Fee:  $249,750.00; and

    d. Disbursements:  $27,469.93.

4. The Court retain jurisdiction for ninety days, as requested by Plaintiffs at the hearing.

Dated: August 14, 2018

   s/ *Hildy Bowbeer*
HILDY BOWBEER
United States Magistrate Judge

# NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.  Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  D. Minn. LR

72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).